■ NATIONAL TELECANVASS ASSOCIATES, LTD., Respondent, v STEPHEN SMITH et al., Appellants. — In an action to recover damages for breach of contract, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Miller, J.), dated August 9, 1982, as awarded plaintiff the principal sum of $106,898, as liquidated damages on its first cause of action. Judgment reversed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith. On November 19, 1979, plaintiff National Telecanvass Associates, Ltd. (NTA) entered into a contract with defendants Smith and Reed as chairman and treasurer, respectively, of the Kennedy for President Committee (hereinafter the Committee) to provide telecanvassing services in connection with Senator Edward Kennedy's bid for the 1980 Democratic presidential nomination. Although that contract provided, *inter alia,* that the Committee was thereby agreeing to engage the plaintiff to make "a minimum of 2,100,000 telephone calls" in aid of the Senator's nominating campaign, it further provided in part, at paragraph 8:

"D. *The Committee shall have the right in its sole discretion to have NTA make less than 2,100,000 telephone calls but not less than 500,000 calls hereunder in which case a surcharge shall be billed by NTA and paid by the Committee as set forth in paragraph 8E. below.* Should the Committee fail to notify NTA of its intent to procede [*sic*] with state or states in excess of 500,000 calls (said 500,000 calls to be made in no more than three states in addition to Iowa) by January 15, 1980, then it shall be deemed that the Committee is electing to terminate after 500,000 calls and the per call surcharge specified in 8E. below shall be paid. The Committee shall also have the right to have NTA make more than 2,100,000 calls in which case the charge shall be as per paragraph C above. E. In the event that the Committee shall elect to have NTA make less than 2,100,000 calls hereunder, then it shall make payment to NTA of a surcharge for each completed call made by NTA of less than 2,100,000 in accordance with the following schedule.

| "If Terminated When NTA has Completed the Following Number of Calls | Amount of Surcharge Per Total Completed Calls To Date of Termination |
|---|---|
| 0 up to 350,000 | .08 |
| 350,001 up to 500,000 | .06 |
| 500,001 up to 750,000 | .04 |
| 750,001 up to 1,000,000 | .02 |
| 1,000,001 up to 2,100,000 | .01 |

"F. *Anything contained herein to the contrary notwithstanding the Committee shall not have the right to terminate this agreement prior to the completion of 500,000 calls, unless the Committee agrees despite such termination to make full payment for the 500,000 calls at the full rate of 40¢ per call plus the indicated 6¢ surcharge.*" (Emphasis supplied.) On this appeal, the defendant Committee does not dispute that the trial court correctly found that it had breached the agreement on February 10, 1981, prior to the completion of 500,000 telephone calls or that the plaintiff was justified in considering the contract to have been prematurely terminated by reason of the Committee's actions. What the Committee does contend is that Trial Term erred in awarding damages in accordance with paragraph 8 (subd F) of the parties' agreement, which the court construed to be a legally enforceable liquidated damage clause. We agree with the Committee and therefore reverse and remit the matter to the Supreme Court, Rockland County, for further proceedings. In accordance with prevailing case law, "[a] contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 425). On the record before us, we conclude that the first part of the foregoing test has not been satisfied, as the "liquidated" amount, i.e., $230,000, represents the *full* amount of profit which the plaintiff anticipated it would earn upon completion of the *entire* agreement calling for 2,100,000 calls, although the contract provided the defendant Committee with an absolute right to terminate the agreement at any time after the completion of *500,000* calls, subject only to the payment of the surcharge provided in paragraph 8 (subd E). Moreover, since the contract price for completing 500,000 calls is identical to the "liquidated" amount, the primary purpose of the clause in issue appears to have been to compel the performance required by paragraph 8 (subd D) of the agreement, rather than to approximate the amount of the plaintiff's probable loss (see *Truck Rent-A-Center v Puritan Farms 2nd, supra,* p 424). As the amount fixed as liquidated damages does not

appear to bear a reasonable proportion to the amount of the plaintiff's probable loss in the event of a breach, i.e, the termination of the agreement *prior* to the completion of 500,000 calls, the provision in question must be deemed a penalty and will not be enforced (*Truck Rent-A-Center v Puritan Farms 2nd, supra,* pp 424-425; see, also, 5 Williston, Contracts [3d ed], § 776). In so concluding, we are mindful of the admonition that in determining whether a provision in an agreement is to be considered a penalty or a legally enforceable liquidated damage clause, any reasonable doubt should be resolved in favor of a construction which holds the provision to be a penalty (see *City of New York v Brooklyn & Manhattan Ferry Co.,* 238 NY 52, 56; see, also, *Jarro Bldg. Inds. Corp. v Schwartz,* 54 Misc 2d 13, 19). In addition, in light of the avowed expertise of the plaintiff's principal, Walter Weintraub, it does not appear on the present record that the amount of plaintiff's actual loss in the event that the contract was terminated prematurely was "incapable or difficult of precise estimation", as is also required by *Truck Rent-A-Center v Puritan Farms 2nd* (*supra,* p 425). Notwithstanding the foregoing, the mere fact that the plaintiff is not entitled to recover the damages fixed in paragraph 8 (subd F) of the agreement does not require that it remain remediless in light of the uncontested finding that the contract in question had been breached by the Committee (see, generally, *Wirth & Hamid Fair Booking v Wirth,* 265 NY 214, 225). However, since proof of the plaintiff's actual damage was not material to its right to enforce the so-called liquidated damages provision of the non-Uniform Commercial Code contract (see *Truck Rent-A-Center v Puritan Farms 2nd, supra,* p 425; cf. Uniform Commercial Code, § 2-718, subd [1]), the interests of justice require that the matter be remitted for a new trial on the issue of damages in order that the plaintiff may be afforded an adequate opportunity to adduce such evidence (cf. *Truck Rent-A-Car Center v Puritan Farms 2nd,* 51 AD2d 786, 788 [dissenting opn by Shapiro, J.], affd 41 NY2d 420, *supra*). We pass on no other issue. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.