■ VERNITRON CORPORATION, Appellant, v CF 48 ASSOCIATES et al., Respondents. — In an action seeking a declaration of its rights under a commercial lease, the plaintiff tenant appeals from so much of an order of the Supreme Court, Nassau County (Stark, J.), dated December 30, 1983, as, in effect, denied its motion for partial summary judgment dismissing defendants' fourth counterclaim.

Order reversed insofar as appealed from, on the law, with costs, and plaintiff's motion for partial summary judgment dismissing the fourth counterclaim granted.

The issue of whether defendants' fourth counterclaim seeking liquidated damages pursuant to article 40 of the subject lease constitutes a penalty presents a question of law and thus was an appropriate matter for disposition on a motion for partial summary judgment. Accordingly, Special Term erred in not ruling directly upon the issue presented. The direction referring the plaintiff's motion to dismiss the fourth counterclaim to the trial court was, in effect, a denial of the motion and hence the order is one appealable as of right (cf. *Bagdy v Progresso Foods Corp.*, 86 AD2d 589).

On the merits we find that rather than being a valid and enforceable liquidated damages clause, article 40 constitutes a penalty. On its face, the clause calls for liquidated additional damages in a sum equivalent to one year's rent for a default under the lease. The term default, as defined elsewhere in the lease, includes *any* breach of the covenants of the lease, including nonpayment of rent.

It is well settled that "[a] contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation" (*Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 425; *National Telecanvass Assoc. v Smith*, 98 AD2d 796). It is also well established that in determining whether a contractual provision constitutes liquidated damages or a penalty, the contract is to be interpreted as of the date of its execution, not the date of its breach. Thus, the court must look to the anticipated loss discernible at the time of contracting and not the actual loss incurred by the breach to determine whether liquidated damages are reasonable or whether the damages are capable of calculation (*City of Rye v Public Serv. Mut. Ins. Co.*, 34 NY2d 470; *National Telecanvass Assoc. v Smith, supra;* cf. Uniform Commercial Code, § 2-718, subd [1], par [a]; *Equitable Lbr. Corp. v IPA Land Dev. Corp.*, 38 NY2d 516). Further, any reasonable doubt as to whether a provision constitutes an unenforceable penalty or a legitimate liquidated damages clause

should be resolved in favor of a construction which holds the provision to be a penalty (*National Telecanvass Assoc. v Smith, supra*). Where the contract containing the liquidated damages clause for its breach contains numerous convenants of varying degrees of importance, if the loss which might be anticipated as resulting from a breach of even the least of them is disproportionate to the amount of liquidated damages, or if the loss which might result from a breach of any one of the convenants is readily ascertainable, then the clause will be held to be a penalty and unenforceable (*Seidlitz v Auerbach,* 230 NY 167; *Callanan Rd. Improvement Co. v Colonial Sand & Stone Co.,* 190 Misc 418; 36 NY Jur 2d, Damages, § 162; 34 NY Jur, Landlord and Tenant, §§ 330-332).

In the case at bar, it is clear that the loss which might occur as a result of certain minor defaults under the lease (i.e., for a two-day delay in payment of rent) would be clearly disproportionate to the amount of liquidated damages. Moreover, the loss attributable to certain defaults such as late payment of rent is clearly readily ascertainable and is inappropriate for application of liquidated damages. In conclusion, we find that on its face the clause in question was a penalty rather than a legitimate liquidated damages clause and unenforceable as a matter of law. Brown, J. P., Rubin, Boyers and Lawrence, JJ., concur.