■ RALLYE LEASING, INC., Respondent, v L.I. SEAFOOD & DUMPLING HOUSE et al., Defendants, and CECILIA CHANG, Appellant. [624 NYS2d 57] —In an action to recover damages for breach of an automobile leasing agreement, the defendant Cecilia Chang appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 31, 1993, as granted the plaintiff's cross motion for summary judgment on the fifth

cause of action asserted against her, and (2) from a judgment of the same court entered April 22, 1992, which is in favor of the plaintiff and against the appellant in the principal sum of $17,439.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant Cecilia Chang has failed to demonstrate any triable issue of fact on the issue of liability. The plaintiff established that there was a valid leasing agreement between the plaintiff as lessor and the defendants, L.I. Seafood & Dumpling House and George Liu as lessees, and that Chang executed a guaranty whereby she guaranteed payment of the lessees' obligation under the lease. Upon the lessees' default the plaintiff was within its contractual rights to repossess the leased vehicle and thereafter sell it. In addition, contrary to Chang's contention, the payments she made to the plaintiff after the vehicle had been repossessed did not fully cure the lessees' default. In any event, nothing in the lease or the guaranty obligated the plaintiff to return the repossessed vehicle to Chang, and the plaintiff was entitled to sell the vehicle to a third party after the repossession.

The Supreme Court correctly determined that the liquidated damages clause of the lease is unenforceable since the amount of actual damages can be readily ascertained and the liquidated damages would amount to a penalty (see, Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420).

We find that Chang's remaining contentions are without merit. Copertino, J. P., Pizzuto, Joy and Friedmann, JJ., concur.