■ IRVING TIRE CO., INC., Respondent, v STAGE II APPAREL CORP., Appellant. [646 NYS2d 528] —In an action to recover damages for breach of a lease termination agreement, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Yachnin, J.), entered April 28, 1995, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, dated May 23, 1995, which is in favor of the plaintiff and against the defendant in the principal sum of $102,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which awarded the plaintiff judgment in the principal sum of $102,500, and substituting therefor a provision awarding the plaintiff judgment in the principal sum of $12,500; as so modified, the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff, Irving Tire Co., Inc. (hereinafter the landlord), is the owner of a shopping center which it leases to several outlet clothing stores. In October 1992, the landlord agreed to lease one of its stores to the defendant, Stage II Apparel Corp. (hereinafter the tenant), for a period of five years. However, in early 1994, the tenant became dissatisfied with the leased premises, and the parties entered into negotiations for early termination of the lease. As a result of these negotiations, the parties subsequently executed a termination agreement which required the tenant to pay the landlord $50,000 "in consideration for the landlord accepting early termination of the lease". Under the terms of the agreement, the tenant was required to surrender possession of the leased premises by June 1, 1994, and to tender half of the $50,000 payment upon execution of the agreement, and the balance in monthly installments. The

termination agreement also contained a liquidated damages provision, which authorized the landlord, in the event of a default, to enter judgment against the tenant in the sum of $140,000. It is undisputed that the tenant paid the landlord $37,500 pursuant to the agreement, but ceased making payments when it learned in August 1994 that the landlord had leased the store to a new tenant. The landlord subsequently commenced this action to recover $102,500 in damages under the liquidated damages clause of the agreement, and the Supreme Court awarded summary judgment in the landlord's favor.

The tenant contends that the Supreme Court erred in awarding the landlord summary judgment because there is a triable issue of fact as to whether the landlord fraudulently induced it to enter into the termination agreement by representing that the sole purpose of the agreement was to minimize the landlord's losses in the event that a new tenant could not immediately be found, while concealing the fact that a new tenant had already been located. Contrary to the tenant's contention, these allegations are insufficient to raise an issue of fact as to fraudulent inducement. Significantly, the record discloses that it was the tenant who sought the termination agreement in order to obtain an early release from its obligations under the lease. Moreover, the record is devoid of evidence that the landlord secured a new tenant before the tenant signed the termination agreement in April 1994. Under these circumstances, there is no merit to the tenant's claim that it was fraudulently induced to enter into the termination agreement.

However, we agree with the tenant's claim that the liquidated damages provision of the termination agreement constitutes an unenforceable penalty. Although the parties to an agreement may provide for the payment of liquidated damages upon its breach, it is well settled that such a provision will be upheld only if (1) the amount fixed is a reasonable measure of the probable actual loss in the event of a breach, and (2) the actual loss suffered is difficult to determine precisely (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420; *Willner v Willner,* 145 AD2d 236). Thus, "the rule has evolved that when the damages flowing from a breach of a contract are easily ascertainable, or the damages fixed are plainly disproportionate to the injury, the stipulated sum will be treated as a penalty" (*Willner v Willner, supra,* at 240, quoting *X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, 183-184, *affd* 66 NY2d 970). Applying these principles at bar, the subject provision is unenforceable since the amount of actual damages arising from

breach of the termination agreement is readily ascertainable, and the $140,000 sum fixed is disproportionate to the landlord's loss (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd, supra; LeRoy v Sayers,* 217 AD2d 63; *Novendstern v Mt. Kisco Med. Group,* 177 AD2d 623). Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.