■ PYRAMID CENTRES AND COMPANY, LTD., et al., Appellants, v KINNEY SHOE CORPORATION, Respondent. [663 NYS2d 711] —Spain, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 28, 1996 in Saratoga County, which, *inter alia*, granted defendant's cross motion for summary judgment and made a declaration in its favor.

The facts in this matter are not in dispute. Plaintiffs' predecessor in interest, as landlord, and defendant, as tenant,

entered into a lease agreement, dated February 13, 1976, wherein defendant leased approximately 3,300 square feet of commercial space in a shopping center located in the Town of Wilton, Saratoga County, for a term of 20 years. Under the terms of the lease defendant agreed to pay a fixed minimum rent of $24,750 per lease year, in equal monthly installments of $2,062.50. Defendant further agreed to pay, as percentage rent, a sum equal to 6% of defendant's gross receipts in excess of $412,500 per lease year. On January 7, 1994, defendant decided to close its store at the leased premises due to declining sales. Notably, defendant continued to pay the monthly rent of $2,062.50, together with common area maintenance charges, trash fees, security fees, real estate taxes and various dues required by plaintiffs.

A default provision in the lease provided that if defendant vacated the premises, it still remained liable to pay rent for the remainder of the lease period. Additionally, paragraph 6.02 of the lease governed defendant's obligation to operate its business in the leased premises during the full term of the lease and specifically provided that: "In the event [defendant] ceases operation prior to the Termination Date of this Lease, Landlord shall have the option to seek specific performance of the operating covenant * * * or to require [defendant] to pay as liquidated damages and not as a penalty the sum equal to the greater of the average annual percentage rent paid by [defendant] during the expired portion of the term or double the fixed minimum rent for the remainder or unexpired portion of the term."

In letters dated January 18, 1994 and April 15, 1994, plaintiffs notified defendant that because defendant chose to close its store plaintiffs were exercising their right to charge the appropriate liquidated damages provided in paragraph 6.02 of the lease.

Thereafter, plaintiffs commenced this action to collect liquidated damages from defendant in the amount of double the fixed minimum rent. After issue was joined, plaintiffs moved for summary judgment pursuant to CPLR 3212. Defendant opposed the motion, cross-moved for summary judgment and requested an order declaring paragraph 6.02 of the lease to be unenforceable as a penalty. Supreme Court found that the damages sought by plaintiffs were so disproportionate to the actual loss suffered that the practical result of such a provision could be generally construed as designed to compel and coerce the continued performance of a party. In denying plaintiffs' motion and granting defendant's cross motion, Supreme Court

found as a matter of law that the liquidated damages clause constituted a penalty and, therefore, was unenforceable. Plaintiffs appeal.

" 'A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation * * *. If, however, the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced' " (*Mid-Atlantic Autec v Keeler Motor Car Co.*, 199 AD2d 732, 733, quoting *Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 425). Moreover, "where there is doubt as to whether a provision constitutes an unenforceable penalty or a proper liquidated damage clause, it should be resolved in favor of a construction which holds the provision to be a penalty" (*Willner v Willner*, 145 AD2d 236, 240-241; *see, City of New York v Brooklyn & Manhattan Ferry Co.*, 238 NY 52, 56; *Vernitron Corp. v CF 48 Assocs.*, 104 AD2d 409).

Here, the lease states that upon defendant's breach plaintiffs are entitled to double the fixed rent or the average annual percentage rent, whichever is greater. In our view, this provision was intended to coerce defendant's performance rather than compensate plaintiffs for defendant's breach. In other words, we find that "[t]he purpose of such a clause [was] not to provide just compensation but, rather to secure performance 'by the compulsion of the very disproportion' " (*LeRoy v Sayers*, 217 AD2d 63, 70, quoting *Truck Rent-A-Center v Puritan Farms 2nd*, *supra*, at 424). As such, we agree with Supreme Court that the liquidated damages provisions of paragraph 6.02 is an unreasonable penalty, disproportionate to any subsequent loss suffered by plaintiffs.

However, our conclusion that plaintiffs are not entitled to recover liquidated damages under the lease should not render them without a remedy to recover actual damages (*see, National Telecanvass Assocs. v Smith*, 98 AD2d 796, 798). Accordingly, in the interest of justice, plaintiffs should be afforded the opportunity to present evidence, if any, of actual damages suffered by plaintiffs as the result of defendant's decision to close its store before the expiration of the lease (*see, id.*).

Crew III, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as dismissed plaintiffs' breach of contract cause of action in its entirety; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.