■ ANITA CLUBB, Individually and as Successor in Interest to JAMES CLUBB, Respondent, v ANC HEATING & AIR CONDI-

---

TIONING, INC., et al., Appellants. (Action No. 1.) ANC HEATING & AIR CONDITIONING, INC., Appellant, v ANITA CLUBB, Individually and as Successor in Interest to JAMES CLUBB, Respondent. (Action No. 2.) [675 NYS2d 176] —Spain, J. Appeals (1) from an order of the Supreme Court (Coutant, J.), entered September 5, 1997 in Broome County, which, *inter alia*, denied motions by ANC Heating & Air Conditioning, Inc. for summary judgment in action Nos. 1 and 2, and (2) from the judgment entered thereon.

In July 1988, defendant Lloyd Knecht entered into an agreement with James Clubb (hereinafter decedent) for the purchase of all of the stock of ANC Heating & Air Conditioning, Inc. Knecht and decedent also entered into an employment agreement and an agreement not to compete. The contract stated, *inter alia*, that, "[a]s consideration for the above-mentioned agreement not to compete, [ANC] shall pay [decedent] the sum of $104,000.00 in 40 quarter annual installments of $2,600 each". Significantly, the agreement also stated that "[i]f [decedent] dies, the payments hereunder shall continue to be made to his wife" and, if decedent fails to carry out the terms of the covenant not to compete, ANC shall have "no further obligations to pay the consideration provided herein".

ANC made payments commencing October 1, 1988 through July 1, 1996, first to decedent and after his death, in late 1991, to Anita Clubb (hereinafter Clubb), his surviving spouse. In October 1996 ANC received a phone call from Janet Barrie, who reported that she was having problems with a furnace she had purchased from ANC in 1991. ANC had no record of such a transaction and it was later confirmed that decedent sold a furnace to Barrie in September 1991 just weeks prior to his death. ANC, believing that said sale constituted a breach of the agreement, stopped making payments to Clubb. Thereafter, Clubb, individually and as successor in interest to decedent, commenced action No. 1 against ANC seeking, *inter alia*, payments that were due October 1, 1996 and January 1, 1997. ANC commenced action No. 2 against Clubb seeking recovery of all payments made after September 1991 and moved for summary judgment in both actions, while Knecht moved for summary judgment in action No. 1. Clubb cross-moved for summary judgment in action No. 1. One of the submissions included an affidavit from Barrie wherein she explained that she had begged decedent to take care of the installation of the furnace and that he was a good friend who did not solicit her business.

Supreme Court found that decedent breached the covenant

not to compete but that ANC was only entitled to the recovery of actual damages. As a result, the court denied ANC's motion for summary judgment in action No. 2, which sought reimbursement for payments made after September 1991, denied ANC's and Knecht's motion for summary judgment in action No. 1 seeking the dismissal of the complaint, and granted Clubb's motion for summary judgment in action No. 1 requiring, *inter alia*, that ANC pay the installments due from October 1996 to present. Supreme Court also found that the determination of actual damages was a question of fact and, therefore, could not be decided on a motion for summary judgment. ANC and Knecht appeal both the order and the judgment entered thereon.

We affirm. Initially, we note that the agreement was for the sum of $104,000 which was to be paid to decedent or upon his death to his wife, and after her death to decedent's estate. Clearly, the agreement obligated ANC to make payments even after decedent died when he could no longer carry out the terms of the covenant not to compete. In our view, Supreme Court properly determined that the covenant be "viewed as one associated with the sale of a business rather than in the context of an employer/employee relationship"; any other interpretation would be irrational.

Notably, ANC requested a penalty of $72,800 for a breach which caused actual damages of not more than $1,500 in lost profits (*see, Borne Chem. Co. v Dictrow*, 85 AD2d 646, 650). We view such damages as being "grossly disproportionate to plaintiff's probable loss" such that they constitute an unconscionable penalty and should not be enforced (*Curtis v Amela-Bouyea*, 137 AD2d 944, 945; *see, Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 424-425; *Pyramid Centres & Co. v Kinney Shoe Corp.*, 244 AD2d 625, 627; *Novendstern v Mt. Kisco Med. Group*, 177 AD2d 623, 625, *lv dismissed* 80 NY2d 826). Furthermore, the amount of actual damages resulting from decedent's breach are easily ascertainable, providing further support for the conclusion that the damages clause is, in essence, a penalty (*see, Irving Tire Co. v Stage II Apparel Corp.*, 230 AD2d 772, 773). Finally, " 'where there is doubt as to whether a provision constitutes an unenforceable penalty or a proper liquidated damage clause, it should be resolved in favor of a construction which holds the provision to be a penalty' " (*Pyramid Centres & Co. v Kinney Shoe Corp., supra*, at 627, quoting *Willner v Willner*, 145 AD2d 236, 240-241).

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.