■ NICHOLAS ZERVAKIS, Appellant, v JAMES KYREAKEDES et al., Respondents. [684 NYS2d 291] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated April 3, 1997, which granted the defendants' motion to stay entry of a judgment against them, and compel the plaintiff to accept the sum of $4,000 in full satisfaction of a stipulation of settlement dated July 17, 1996.

Ordered that the order is affirmed, with costs.

The parties entered into a stipulation of settlement which required the defendants to pay the plaintiff the sum of $40,000 on or before November 1, 1996. The stipulation further provided that if the defendants defaulted in making payment,

the plaintiff would be entitled to enter a judgment in the sum of $100,000 against them. Although the defendants timely paid $36,000 of the settlement, they withheld the $4,000 balance, claiming that they were entitled to a credit because the plaintiff was responsible for a lien placed against their property by a plumbing subcontractor. After a hearing on January 29, 1997, the Supreme Court, Westchester County (Silberman, J.), ruled that the defendants were not entitled to a $4,000 credit, and directed them to pay the outstanding balance. Although it is undisputed that the defendants attempted to tender payment on February 3, 1997, the plaintiff's counsel refused to accept it. The plaintiff then sought to enter a judgment in the sum of $64,000 against the defendants, representing the $100,000 due under the default provision of the stipulation, less the $36,000 already paid.

Contrary to the plaintiff's contention, the Supreme Court did not err in granting the defendants' motion to stay entry of the proposed judgment, and directing him to accept $4,000 in full satisfaction of the stipulation of settlement. Under the circumstances of this case, the default provision of the stipulation, which required the defendants to pay more than twice the $40,000 agreed upon, despite the fact that they timely tendered payment of 90% of the amount due, is so disproportionate to the actual damages caused by the delay in payment that it constitutes an unenforceable penalty (*see, Irving Tire Co. v Stage II Apparel Corp.*, 230 AD2d 772; *Willner v Willner,* 145 AD2d 236; *cf., ABCO Refrig. Supply Corp. v Designs by Keiser Corp.*, 239 AD2d 165). Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.