■ STEVEN GOULD, Respondent, v DONALD ADAMS, Appellant. [694 NYS2d 762] —In an action, *inter alia,* to recover damages for fraud in connection with the sale of a dental practice and real property from the defendant to the plaintiff, the defendant appeals from (1) two decisions of the Supreme Court, Rockland County (Carey, J.H.O.), dated August 21, 1997, and November 20, 1997, respectively, and (2) a judgment of the same court, dated January 5, 1998, which after a nonjury trial, awarded him judgment on his counterclaims for possession of

the dental practice and the real property upon the condition that he pay the plaintiff the principal sum of $132,439.50.

Ordered that the appeals from the decisions are dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the defendant's contention, the trial court properly determined that the liquidated damages provision of the agreement between him and the plaintiff constituted an unenforceable penalty (*see, Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 425; *City of Rye v Public Serv. Mut. Ins. Co.,* 34 NY2d 470, 473; *Irving Tire Co. v Stage II Apparel Corp.,* 230 AD2d 772, 773; *Rallye Leasing v L.I. Seafood & Dumpling House,* 213 AD2d 533). The Supreme Court correctly concluded that the proper measure for the damages suffered by the defendant was the difference between the contract price and the fair market value of the dental practice and the real property at the time of the breach, placing him in the same position as if the breach had never occurred (*see, Barnes v Brown,* 130 NY 372, 381; *Mohen v Mooney,* 205 AD2d 670; *Kenford Co. v County of Erie,* 108 AD2d 132, 135, *affd* 67 NY2d 257; *Aroneck v Atkin,* 90 AD2d 966).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.