■ QUAKER OATS COMPANY, Respondent, v JAMES S. REILLY, JR., et al., Defendants, and EFFIE REILLY, Appellant. [711 NYS2d 498] —In an action to foreclose a mortgage, the defendant Effie Reilly appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated July 21, 1999, as denied her cross motion for partial summary judgment dismissing the plaintiff's claim for liquidated damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the plaintiff's claim for liquidated damages is dismissed insofar as asserted against the appellant.

In settlement of a Federal civil action, the parties agreed that the defendants James S. Reilly and Effie Reilly would pay $10,000 upon signing the settlement agreement and would execute a note in the principal amount of $355,000 in the plaintiff's favor, secured by a mortgage on their residence. The settlement agreement and note also state that if the note is not paid on the maturity date, the outstanding balance of the note would increase by $125,000 as "liquidated damages". The note was not paid upon maturity, and the plaintiff commenced this mortgage foreclosure action. The plaintiff moved for summary judgment and the defendant Effie Reilly cross-moved for partial summary judgment dismissing the claim for liquidated damages, claiming that it was an unenforceable penalty. The Supreme Court denied the cross motion. We reverse.

The law is well settled that: "[P]arties to an agreement may provide for the payment of liquidated damages upon its breach, and such damages will be upheld if (1) the amount fixed is a reasonable measure of the probable actual loss in the event of breach, and (2) the actual loss suffered is difficult to determine precisely * * * However, if the liquidated damages do not bear a reasonable proportion to the loss actually sustained by a breach, they will constitute an unenforceable penalty." (*Willner v Willner,* 145 AD2d 236, 239-240; *see also, Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420.)

Thus, contrary to the plaintiff's contentions and the determination of the Supreme Court, it is irrelevant that the plaintiff might have recovered much more had it continued with its Federal action. The proper consideration is the probable damages sustained by the plaintiff if Reilly failed to make payment pursuant to the note. In such an event, the damages were easily ascertainable by calculating the interest accrued from the time of the breach by submitting receipts for court costs and attorney billable hour statements in connection with bringing a foreclosure action. In light of the relatively simple nature of such an action, $125,000 was grossly disproportionate to the probable actual damages. Accordingly, the liquidated damages provision at issue is an unenforceable penalty because its purpose was to secure performance by threat of a large payment rather than to provide a reasonable assessment of probable damages (*see, Gould v Adams,* 264 AD2d 758; *Irving Tire Co. v Stage II Apparel Corp.,* 230 AD2d 772; *LeRoy v Sayers,* 217 AD2d 63). Ritter, J. P., Sullivan, Florio and Feuerstein, JJ., concur.