■ PARSONS & WHITTEMORE, INC., Appellant-Respondent, v 405 LEXINGTON L.L.C. et al., Respondents. PARSONS & WHITTE-

MORE, INC., Third-Party Plaintiff-Appellant-Respondent, v ABADY, LUTTATI, KAISER, SAURBORN & MAIR, P.C., Third-Party Defendant-Respondent-Appellant, and DAVID A. MAIR et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [753 NYS2d 36] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about October 17, 2001 (based upon a decision dated May 30, 2001), which, inter alia, granted defendant landlord's motion for summary judgment on its counterclaims for liquidated damages, denied plaintiff tenant's and third-party defendant-respondent subtenant's cross motions for summary judgment dismissing said counterclaims, and granted the subtenant's successors' cross motion for summary judgment dismissing the tenant's third-party claim against them for contractual indemnification, and order, same court and Justice, entered on or about August 10, 2001, which, upon the grant of the tenant's motion for reargument, adhered to the original determination, unanimously affirmed, with costs.

The motion court correctly rejected the tenant's and subtenant's arguments that a partial actual or constructive eviction bars the landlord from collecting the liquidated damages agreed to in the lease for their holding over beyond the expiration of the lease. Nor does article 22 of the lease entitle them to a setoff, since that provision applies only to damages caused by a force majeure, such as fire, and not to damage or destruction to the building caused by the landlord's renovations.

The liquidated damages clause was not an unenforceable penalty since the damages could not be anticipated in 1983, when the lease was executed (*see LeRoy v Sayers*, 217 AD2d 63, 69; *Vernitron Corp. v CF 48 Assoc.*, 104 AD2d 409), and the amount fixed is not "plainly or grossly disproportionate to the probable loss" (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425). In light of the validity of the liquidated damages clause, the landlord's efforts, if any, at reletting the premises, are irrelevant (*see Turner-Schraeter v Brighton Travel Bur.*, 258 AD2d 393).

While the issue of indemnification was not before the Civil Court on the attorney's fee hearing in a related summary proceeding, its determination that there was no privity between the tenant and the subtenant's successors was necessary to that court's ruling and the parties had a full and fair opportunity to argue the issue. We therefore agree with the motion court that the Civil Court finding of lack of privity as to the subtenant's successors bars the tenant's claim for indemnification against them. Concur—Mazzarelli, J.P., Andrias, Buckley and Sullivan, JJ.