■ JMD Holding Corp., Respondent, v Congress Financial Corporation, Appellant, et al., Defendant. [765 NYS2d 848] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered April 18, 2003, which, upon the grant of reargument, adhered to the order of the same court and Justice, entered August 5, 2002, which, inter alia, granted plaintiff's motion for summary judgment in part, declaring the early termination fee of $600,000 sought by appellant pursuant to the subject revolving loan agreement to be an unenforceable penalty and that appellant is not entitled under the loan agreement to retain a cash collateral reserve, unanimously affirmed, with costs. Appeal from the August 5, 2002 order unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Since the liquidated damages clauses upon which appellant lender relies purport to entitle it to sums disproportionate to its potential damages, and the amount of actual principal and

interest owed by the borrower under the agreement is precisely ascertainable, the motion court properly found the liquidated damages clauses unenforceable as exacting a penalty (*see Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 423-424 [1977]; *Vernitron Corp. v CF 48 Assoc.*, 104 AD2d 409 [1984]). In view of the circumstance that plaintiff was not obligated under the revolving loan agreement to borrow any sums, much less to do so at any particular time, it is entirely speculative whether early termination of the loan functioned to deprive appellant of interest income. Finally, given the language of the loan agreement and plaintiff's repayment of the loan, the motion court properly found that appellant was not entitled to retain plaintiff's cash reserve.

We have reviewed appellant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.