■ WALTER FEIERTAG, Appellant, v SHEILA FEIERTAG, Respondent. [768 NYS2d 367]—

In an action, inter alia, to set aside a provision of a stipulation of settlement as an unenforceable penalty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), dated February 6, 2003, which granted the defendant's

motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the first cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions on appeal, the provision of the parties' stipulation of settlement at issue may not be properly characterized as a liquidated damages clause (*see Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 424-425 [1977]; *Zervakis v Kyreakedes,* 257 AD2d 619 [1999]; *Willner v Willner,* 145 AD2d 236 [1989]). The provision, inter alia, did not purport to establish the amount of damages to be paid to the defendant in the event that the plaintiff breached an obligation under the stipulation (*see Truck Rent-A-Ctr. v Puritan Farms 2nd, supra; Zervakis v Kyreakedes, supra; Willner v Willner, supra*). Rather, the provision merely provided the plaintiff with the option, not the obligation, to purchase the defendant's interest in the marital home (*see Truck Rent-A-Ctr. v Puritan Farms 2nd, supra; Zervakis v Kyreakedes, supra; Willner v Willner, supra*). In any event, even assuming that the provision may be properly characterized as a liquidated damages clause, the plaintiff does not argue, and the record does not reveal, that the provision constituted an unenforceable penalty when executed (*see Willner v Willner, supra*). The plaintiff failed to raise any basis for setting aside the provision of the stipulation of settlement (*see Christian v Christian,* 42 NY2d 63 [1977]; *Michalowski v Michalowski,* 286 AD2d 712 [2001]; *Creque v Creque,* 210 AD2d 288 [1994]; *Cappello v Cappello,* 274 AD2d 539 [2000]). Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.