■ Nir Zeer et al., Respondents-Appellants, v Ziv Azulay et al., Appellants-Respondents, et al., Defendants. [840 NYS2d 616]—

In an action, inter alia, to recover damages for breach of contract, the defendants Ziv Azulay and Wagner Ziv Plumbing & Heating Corporation appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated February 3, 2006, as granted the plaintiffs' motion to amend a judgment of the same court entered September 16, 2005, in favor of the plaintiffs and against them in the sum of $138,220, to the extent of providing for an additional award of liquidated damages in favor of the plaintiffs and against them in the sum of $175,684.77, and denied their cross motion to vacate a stipulation of the parties dated December 3, 2004, and to vacate the judgment entered September 16, 2005, and (2) from an amended judgment of the same court dated February 6, 2006, which, upon the order, is in favor

of the plaintiffs and against them in the original sum of $138,220 and the additional sum of $175,684.77, and the plaintiffs cross-appeal, on the ground of inadequacy, from so much of the same amended judgment as provided for the additional award of $175,684.77.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion to amend the judgment is denied, and the order dated February 3, 2006, is modified accordingly.

The plaintiffs, Nir Zeer (hereinafter Zeer) and ZNN Development, Inc. (hereinafter ZNN), commenced this action to recover damages, inter alia, for breach of contract, against, among others, the defendants Ziv Azulay and Wagner Ziv Plumbing & Heating Corporation (hereinafter Wagner Ziv and collectively with Azulay, the defendants). In pertinent part, the plaintiffs alleged that pursuant to a September 2003 contract between ZNN and Wagner Ziv, the latter agreed to construct a three-family home on real property owned by ZNN at a site in Brooklyn. All work was to be completed within 160 days of the contract's execution (February 29, 2004), including the obtaining of a certificate of occupancy for the newly-constructed premises. The contract provided that if Wagner Ziv failed to timely complete the work, it was liable to ZNN for liquidated damages in the sum of $250 per day from February 29, 2004, until such work was completed.

The parties entered into a stipulation of settlement on December 2, 2004 (hereinafter the stipulation), which provided, in pertinent part, as follows: (1) Wagner Ziv would obtain a final certificate of occupancy for the property by December 27, 2004, or it would be subject to the $250 per day liquidated damages provision set forth in the September 2003 contract, and (2) if any parties filed liens or encumbrances on property owned by one or more of the parties, the party filing such lien would be liable for liquidated damages equal to double the amount of the lien or encumbrance. The stipulation was not "so ordered" by the court.

In July 2005, after Wagner Ziv failed to obtain a final certificate of occupancy for the premises, the plaintiffs moved, inter alia, for a judgment in their favor and against Wagner Ziv in the amount of $250 per day from February 29, 2004, pursuant to article V of the stipulation.

One month later, on August 10, 2005, ZNN sold the premises to a third party for the sum of $580,000. That same day, the

defendants moved for a preliminary injunction, inter alia, to restrain the plaintiffs from encumbering, selling, or transferring any of ZNN's assets upon the sale of the premises. The court granted a temporary restraining order (hereinafter the TRO) pending the return date of the motion. According to the defendants, the TRO and stay were necessary to insure that they received the proper return on their considerable monetary investment into the premises.

Thereafter, in a judgment dated September 16, 2005, the court imposed upon Wagner Ziv liquidated damages in the sum of $250 per day from February 29, 2004, through September 2, 2005, a period of 551 days totaling $137,750, plus $470 in costs and disbursements. September 2, 2005, had been the date a final certificate of occupancy had been obtained for the premises.

The plaintiffs thereafter moved to amend the judgment, seeking an additional award in their favor and against the defendants in the amount of $702,739.08, contending that they inadvertently failed to include such damages in the original judgment. According to the plaintiffs, by obtaining the TRO on August 10, 2005, the defendants prevented them from accessing ZNN's corporate bank account, which then contained the sum of $351,369.54, thereby violating article VII of the stipulation and rendering the defendants liable for double the lien amount.

The defendants moved to vacate the stipulation dated December 3, 2004, and to vacate the judgment entered upon their default. In an order dated February 3, 2006, the court, inter alia, granted the plaintiffs' motion to amend the judgment to the extent of awarding them an additional $175,684.77 in liquidated damages against the defendants, which the court explained is "equal to one half the amount of monies improperly restrained by said defendants." The court denied all relief sought by the defendants.

The court thereafter issued an amended judgment that awarded the plaintiffs the sum of $138,220 (representing $250 per day for 551 days plus $470 in costs and disbursements) and $175,684.77 for the defendants' violation of articles V and VII of the stipulation, respectively. The defendants appeal, inter alia, from the entire amended judgment and the plaintiffs crossappeal to the extent that the amended judgment awarded them only an additional $175,684.77, instead of $702,739.08.

The court properly denied that branch of the defendants' cross motion which was, in effect, to rescind the stipulation settling the action, as the defendants' challenge to the stipulation requires a plenary action (see *Teitelbaum Holdings v Gold*, 48 NY2d 51, 55-56 [1979]; *Yonkers Fur Dressing Co. v Royal Ins.*

*Co.*, 247 NY 435, 445-446 [1928]; *Round v Monk*, 100 AD2d 542 [1984]; *cf. Pegalis v Gibson*, 237 AD2d 420, 421 [1997]). Similarly, to the extent that the plaintiffs seek summary enforcement of the stipulation as they envisioned, such relief could only have been considered within the context of a plenary action for breach of the stipulation (*see Teitelbaum Holdings v Gold, supra*). Whether there is a lien or encumbrance in violation of the stipulation dated December 4, 2004, can only be considered in the context of such a subsequent action. Additionally, to the extent that the Supreme Court implicitly found that the liquidated damages provision set forth therein was violated, such conclusion was premature. Even if that provision could be invoked as a result of the defendants' motion, the invocation of such a provision is subject to the potential defense that actual damages were ascertainable and that the liquidated damages provision was grossly disproportionate to the actual damages (*see Quaker Oats Co. v Reilly*, 274 AD2d 565, 566 [2000]; *Zervakis v Kyreakedes*, 257 AD2d 619, 620 [1999]; *Pyramid Ctrs. & Co. v Kinney Shoe Corp.*, 244 AD2d 625, 626-627 [1997]; *cf. Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115 [2006]).

A party requesting that a court strike down a liquidated damages provision as an unenforceable penalty must demonstrate that the damages are not a reasonable measure of the actual loss resulting from the breach, and the actual loss is readily ascertainable (*see Bates Adv. USA, Inc. v 498 Seventh, LLC, supra; JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 379-380 [2005]; *Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420 [1977]; *Irving Tire Co. v Stage II Apparel Corp.*, 230 AD2d 772, 773 [1996]; *Vernitron Corp. v CF 48 Assoc.*, 104 AD2d 409 [1984]). Where a liquidated damages provision is deemed enforceable, "the measure of damages for a breach will be the sum in the clause, no more, no less. If the clause is rejected as being a penalty, the recovery is limited to actual damages proven" (*JMD Holding Corp. v Congress Fin. Corp., supra* at 380, quoting *Brecher v Laikin*, 430 F Supp 103, 106 [1977]).

Based on the present record, it cannot be determined whether the liquidated damages provision set forth in the stipulation was in either instance properly triggered, and if so, whether the actual damages were capable of ascertainment and the liquidated damages provision sought to be invoked would be grossly disproportionate to the plaintiffs' actual losses (*cf. Bates Adv. USA, Inc. v 498 Seventh, LLC, supra; see Quaker Oats Co. v Reilly, supra; Zervakis v Kyreakedes, supra* at 620; *Pyramid Ctrs. & Co. v Kinney Shoe Corp., supra* at 626-627). Accordingly,

the amended judgment must be reversed without prejudice to the plaintiffs' right to commence a plenary action to determine if the stipulation was breached, which action can be determined subject to the defendants' potential defense that the provision is unenforceable (*see Pyramid Ctrs. & Co. v Kinney Shoe Corp., supra* at 627; *National Telecanvass Assoc. v Smith,* 98 AD2d 796, 798 [1983]; *see also JMD Holding v Congress Fin. Corp., supra* at 380). Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.