■ Nir Zeer et al., Respondents-Appellants, v Ziv Azulay et al., Appellants-Respondents, et al., Defendants. [— NYS2d —]—

Motion by the plaintiffs and separate motion by the defendants Ziv Azulay and Wagner Ziv Plumbing and Heating Corporation, inter alia, for leave to reargue a decision and order of this Court dated July 24, 2007, which determined an appeal from an order of the Supreme Court, Kings County, dated February 3, 2006, and an appeal and cross appeal from an amended judgment of the same court dated February 6, 2006.

Upon the papers filed in support of the motions and the paper filed in relation thereto, it is,

Ordered that those branches of the motions which seek leave to reargue the decision and order of this Court dated July 24, 2007 are granted, and the motions are otherwise denied; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated July 24, 2007, in the above-entitled action (*see Zeer v Azulay,* 42 AD3d 532 [2007]) is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract, the defendants Ziv Azulay and Wagner Ziv Plumbing & Heating Corporation appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated February 3, 2006, as granted the plaintiffs' motion to amend a judgment of the same court entered September 16, 2005, in favor of the plaintiffs and against them in the sum of $138,220, to the extent of providing for an additional award of liquidated damages in favor of the plaintiffs and against them in the sum of $175,684.77, and denied their cross motion to vacate a stipulation of the parties dated December 2, 2004, and to vacate the judgment entered September 16, 2005, and (2) from an amended judgment of the same court dated February 6, 2006, which, upon the order, is in favor of the plaintiffs and against them in the original sum of $138,220 and the additional sum of $175,684.77, and the plaintiffs cross-appeal, on the ground of inadequacy, from so much of the same amended judgment as provided for the additional award of $175,684.77.

Ordered that the appeal from the order is dismissed, without costs or disbursements, and it is further,

Ordered that the amended judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion to amend the judgment is denied, the cross motion to vacate the stipulation dated December 2, 2004, and judgment entered September 16, 2005, is denied, without prejudice to the commencement of a plenary action seeking that relief, the judgment entered September 16, 2005, is reinstated, and the order is modified accordingly.

The plaintiffs Nir Zeer (hereinafter Zeer) and ZNN Development, Inc. (hereinafter ZNN), commenced this action to recover damages, inter alia, for breach of contract, against, among others, the defendants Ziv Azulay and Wagner Ziv Plumbing & Heating Corporation (hereinafter Wagner Ziv and collectively with Azulay, the defendants). In pertinent part, the plaintiffs alleged that pursuant to a September 2003 contract between ZNN and Wagner Ziv, the latter agreed to construct a three-family home on real property owned by ZNN at a site in Brooklyn. All work was to be completed within 160 days of the contract's execution (Feb. 29, 2004), including the obtaining of a certificate of occupancy for the newly-constructed premises. The contract provided that if Wagner Ziv failed to timely complete the work, it was liable to ZNN for liquidated damages in the sum of $250 per day from February 29, 2004, until such work was completed.

The parties entered into a stipulation of settlement on December 2, 2004 (hereinafter the stipulation) which provided, in pertinent part, as follows: (1) Wagner Ziv would obtain a final certificate of occupancy for the property by December 27, 2004, or it would be subject to the $250 per day liquidated damages provision set forth in the September 2003 contract, and (2) if any parties filed liens or encumbrances on property owned by one or more of the parties, the party filing such lien would be liable for liquidated damages equal to double the amount of the lien or encumbrance. In July 2005 after Wagner Ziv failed to obtain a final certificate of occupancy for the premises, the plaintiffs moved, inter alia, for a judgment in their favor and against Wagner Ziv in the amount of $250 per day from February 29, 2004 pursuant to article V of the stipulation.

One month later, on August 10, 2005 ZNN sold the premises to a third party for the sum of $580,000. That same day, the defendants moved for a preliminary injunction, inter alia, to restrain the plaintiffs from encumbering, selling, or transferring any of ZNN's assets upon the sale of the premises. The court granted a temporary restraining order (hereinafter the TRO) pending the return date of the motion. According to the defendants, the TRO and stay were necessary to insure that

they received the proper return on their considerable monetary investment in the premises.

Thereafter, in a judgment entered September 16, 2005, the court imposed upon Wagner Ziv liquidated damages in the sum of $250 per day from February 29, 2004 through September 2, 2005, a period of 551 days, totaling $137,750, plus $470 in costs and disbursements. September 2, 2005 had been the date a final certificate of occupancy had been obtained for the premises.

The plaintiffs thereafter moved to amend the judgment, seeking an additional award in their favor and against the defendants in the amount of $702,739.08, contending that they inadvertently failed to include such damages in the original judgment. According to the plaintiffs, by obtaining the TRO on August 10, 2005 the defendants prevented them from accessing ZNN's corporate bank account, which then contained the sum of $351,369.54, thereby violating article VII of the stipulation and rendering the defendants liable for double the lien amount.

The defendants cross-moved to vacate the stipulation dated December 2, 2004 and to vacate the judgment entered September 16, 2005. In an order dated February 3, 2006 the court, inter alia, granted the plaintiffs' motion to amend the judgment to the extent of awarding them an additional $175,684.77 in liquidated damages against the defendants, which the court explained is "equal to one half the amount of monies improperly restrained by said defendants." The court denied all relief sought by the defendants.

The court thereafter issued an amended judgment that awarded the plaintiffs the sum of $138,220 (representing $250 per day for 551 days plus $470 in costs and disbursements) and $175,684.77 for the defendants' violation of articles V and VII of the stipulation, respectively. The defendants appeal, inter alia, from the entire amended judgment and the plaintiffs cross-appeal to the extent that the amended judgment awarded them only an additional $175,684.77, instead of $702,739.08.

The Supreme Court properly denied that branch of the defendants' cross motion which was to vacate the September 16, 2005, judgment which enforced the $250 per day liquidated damages provision of the stipulation, as the plaintiffs showed that at the time that the contract containing this liquidated damages provision originally had been entered into, the actual damages that the plaintiffs would sustain due to the defendants' failure to obtain a certificate of occupancy were not ascertainable (*see J. R. Stevenson Corp. v County of Westchester,* 113 AD2d 918 [1985]). Notably, the stipulation expressly provided for the entry of a judgment for, inter alia, the contractual

penalty, in the event that the certificate of occupancy was not obtained on time. The entry of the September 16, 2005 judgment, in accordance with the terms of the stipulation, terminated the action (*see Teitelbaum Holdings v Gold,* 48 NY2d 51, 55-56 [1979]).

The Supreme Court properly denied that branch of the defendants' cross motion which was in effect, to rescind the stipulation settling the action, as the defendants' challenge to the stipulation requires a plenary action (*see Teitelbaum Holdings v Gold,* 48 NY2d 51, 55-56 [1979]; *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435, 445-446 [1928]; *Round v Monk,* 100 AD2d 542 [1984]; *cf. Pegalis v Gibson,* 237 AD2d 420, 421 [1997]). Similarly, to the extent that the plaintiffs seek summary enforcement of so much of the stipulation as purports to entitle them to liquidated damages in the event any liens or encumbrances are filed against their property, as they envisioned, such relief could only have been considered within the context of a plenary action for breach of the stipulation (*see Teitelbaum Holdings v Gold,* 48 NY2d 51 [1979]). Whether there is a lien or encumbrance in violation of the stipulation dated December 2, 2004 can only be considered in the context of such a subsequent action. Additionally, to the extent that the Supreme Court implicitly found that the liquidated damages provision concerning the filing of liens or encumbrances was violated, such conclusion was premature. Whether in the context of summary enforcement of the stipulation or a plenary action to enforce the stipulation, the invocation of such a liquidated damages provision is subject to the potential defense that actual damages were ascertainable at the time that the stipulation was entered into and that the liquidated damages provision was grossly disproportionate to the actual damages (*see Quaker Oats Co. v Reilly,* 274 AD2d 565, 566 [2000]; *Zervakis v Kyreakedes,* 257 AD2d 619 [1999]; *Pyramid Ctrs. & Co. v Kinney Shoe Corp.,* 244 AD2d 625, 626-627 [1997]; *cf. Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d 115 [2006]).

A party requesting that a court strike down a liquidated damages provision as an unenforceable penalty must demonstrate that the damages are not a reasonable measure of the actual loss resulting from the breach, and the actual loss is readily ascertainable (*see Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d 115 [2006]; *JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373, 379-380 [2005]; *Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420 [1977]; *Irving Tire Co. v Stage II Apparel Corp.,* 230 AD2d 772, 773 [1996]; *Vernitron Corp. v CF 48 Assoc.,* 104 AD2d 409 [1984]). Where a liquidated damages provision is

deemed enforceable, "the measure of damages for a breach will be the sum in the clause, no more, no less. If the clause is rejected as being a penalty, the recovery is limited to actual damages proven" (*JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d at 380, quoting *Brecher v Laikin,* 430 F Supp 103, 106 [1977]).

Based on the present record, it cannot be determined whether the liquidated damages provision set forth in the stipulation was properly triggered, and if so, whether the actual damages were capable of ascertainment and the liquidated damages provision sought to be invoked would be grossly disproportionate to the plaintiffs' actual losses (*cf. Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d 115 [2006]; *see Quaker Oats Co. v Reilly,* 274 AD2d 565 [2000]; *Zervakis v Kyreakedes,* 257 AD2d at 620; *Pyramid Ctrs. & Co. v Kinney Shoe Corp.,* 244 AD2d at 626-627). Accordingly, the amended judgment must be reversed, inter alia, without prejudice to the plaintiffs' right to commence a plenary action to determine if the stipulation was breached by the defendants when they obtained the TRO, which action can be determined subject to the defendants' potential defense that the provision is unenforceable (*see Pyramid Ctrs. & Co. v Kinney Shoe Corp.,* 244 AD2d at 627; *National Telecanvass Assoc. v Smith,* 98 AD2d 796, 798 [1983]; *see also JMD Holding v Congress Fin. Corp.,* 4 NY3d at 380). Spolzino, J.P., Lifson, Ritter and Miller, JJ., concur.