■ CHURCH EXTENSION PLAN, Appellant, v HARVEST ASSEMBLY OF GOD, Respondent. [913 NYS2d 717]—

In an action to foreclose on consolidated mortgages, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated December 9, 2009, which denied the plaintiff's unopposed motion for leave to enter a judgment of foreclosure and sale and for the issuance of an order of reference pursuant to a stipulation of settlement.

Ordered that the order is reversed, on the law, with costs payable by the defendant, the plaintiff's motion for leave to enter a judgment of foreclosure and sale and for the issuance of an order of reference is granted.

In 2001 and 2003, the defendant, a duly formed and existing religious corporation, obtained judicial approvals pursuant to the Religious Corporation Law to mortgage its church property located at 4 Lincoln Street in the Village of Haverstraw, in order to demolish the existing structure and construct a new church. Three separate mortgages totaling more than $718,911.87, were executed by the defendant, and thereafter consolidated under the auspices of the plaintiff, a Salem, Oregon, corporation.

After the defendant defaulted on its mortgage payments, the plaintiff commenced the instant action seeking to foreclose the consolidated mortgages on the church property. Negotiations ensued and the parties eventually entered into a full "Settlement Stipulation," which they thereafter modified with the execution of a new agreement entitled an amendatory settlement stipulation dated July 11, 2008. Among other things, this amendatory settlement stipulation restructured the debt by extending the payment period, providing a detailed payment schedule, and calling for the summary foreclosure of the consolidated mortgages in case of another payment default.

Following the defendant's second default and the service upon it of a notice to cure, the plaintiff moved for leave to enter a judgment of foreclosure and sale and for the issuance of an order of reference. The Supreme Court denied the plaintiff's motion, which was not opposed, on the grounds that the existence of the prior settlements and the passage of time required the commencement of a separate plenary action for the relief requested. We reverse.

"A settlement agreement entered into by parties to a lawsuit does not terminate the action unless there has been an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement. Absent such termination, the court retains its supervisory power over the action and may lend aid to a party who had moved for enforcement of the settlement" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 53 [1979]; *Yonkers Fur Dressing Co. v Royal Ins. Co.*, 247 NY 435, 445-446 [1928]; *Zeer v Azulay*, 50 AD3d 781, 785 [2008]; *Pegalis v Gibson*, 237 AD2d 420, 421 [1997]). Only when a party seeks to set aside, invalidate, or modify a stipulation of settlement would a plenary action be required (*see Moshe v Town of Ramapo*, 54 AD3d 1030 [2008]; *Zeer v Azulay*, 50 AD3d at 785; *Round v Monk*, 100 AD2d 542 [1984]).

Applying these principles to the matter at bar, the Supreme Court erred in denying the plaintiff's motion pursuant to the terms of the Amendatory Settlement Stipulation. It is undis-

puted that the parties have not yet entered a judgment pursuant to the terms of the Settlement Stipulation or the Amendatory Settlement Stipulation, and have not executed a stipulation of discontinuance. As such, enforcement of the Amendatory Settlement Stipulation by motion in this action was appropriate and warranted (*see Teitelbaum Holdings v Gold*, 48 NY2d at 56; *Zeer v Azulay*, 50 AD3d at 785; *Cadlerock Joint Venture, L.P. v Rubenstein*, 26 AD3d 219, 220 [2006]). Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.