Matter of 27-10 37th Ave., LLC v Nashasara, LLC (2024 NY Slip Op 06561)

Matter of 27-10 37th Ave., LLC v Nashasara, LLC

2024 NY Slip Op 06561

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2023-01616
 (Index No. 717693/19)

[*1]In the Matter of 27-10 37th Avenue, LLC, appellant-respondent, 
v
Nashasara, LLC, etc., et al., respondents-appellants.

Cermele & Wood LLP, White Plains, NY (Geoffrey S. Pope and Michael R. Wood of counsel), for appellant-respondent.
Anton J. Borovina, Locust Valley, NY, for respondents-appellants.

DECISION & ORDER
In a proceeding pursuant to RPAPL 881 for a license to temporarily enter premises owned by Nashasara, LLC, the petitioner appeals, and Nashasara, LLC, and Natalia Stadnitzka cross-appeal, from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 6, 2023. The order, insofar as appealed from, denied the petitioner's motion pursuant to CPLR 2104 to enforce a settlement agreement and a stipulation and to recover attorneys' fees. The order, insofar as cross-appealed from, denied that branch of the cross-motion of Nashasara, LLC, and Natalia Stadnitzka which was "for money damages to compensate" for damage to property.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In October 2019, the petitioner commenced this proceeding pursuant to RPAPL 881 for a license to temporarily enter an adjacent property owned by the respondent Nashasara, LLC (hereinafter Nashasara), of which the respondent Natalia Stadnitzka was the principal, to install protective work in connection with demolition work being performed on the petitioner's building. In an order dated March 13, 2020, the Supreme Court granted the petition and a temporary license for one year. Thereafter, in March 2021, the petitioner and Nashasara entered into a settlement agreement and a stipulation (hereinafter together the agreements) whereby they agreed, inter alia, to extend the license.
Subsequently, the petitioner moved pursuant to CPLR 2104 to enforce the agreements and to recover attorneys' fees. Specifically, the petitioner sought access to Nashasara's property to install flashing on a roof. The respondents cross-moved, among other things, "for money damages to compensate" for damage allegedly caused by the petitioner's earlier work on Nashasara's property. In an order entered January 6, 2023, the Supreme Court, inter alia, denied the petitioner's motion and denied that branch of the respondents' cross-motion. This appeal and cross-appeal ensued.
Contrary to the petitioner's contention, the Supreme Court properly denied the petitioner's motion pursuant to CPLR 2104 to enforce the agreements. The parties' submissions included evidence that the petitioner, as required by the agreements, failed to submit the plans for [*2]the installation of flashing under seal for prior review and approval by Nashasara's engineer or for approval by the New York City Department of Buildings (see 1 RCNY 101-14). Thus, the petitioner failed to establish that the respondents unreasonably denied it access to Nashasara's property for the installation of flashing.
In addition, the Supreme Court properly denied that branch of the respondents' cross-motion which was "for money damages to compensate" for damage to Nashasara's property, as such relief could only be sought in a plenary action (see Zeer v Azulay, 50 AD3d 781, 785).
In light of our determination, we need not reach the petitioner's remaining contention.
DILLON, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court