■ TERESA CONCETTO, Appellant, v ANDREA PEDALINO, Respondents. [764 NYS2d 638] —In an action to recover for damage to property, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 27, 2002, which granted the defendants' motion for summary judgment dismissing the complaint and denied as academic her cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden on their motion for summary judgment by presenting evidence, in the form of their own affidavits and the deposition testimony of the plaintiff, which demonstrated that they were not aware of any problems with the ballast in the fluorescent light fixture in the basement bedroom that allegedly caused a fire (*see Associated Mut. Ins. Co. v Kipp's Arcadian II,* 298 AD2d 478 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Consideration of the affidavit of a purported notice witness is precluded due to the plaintiff's failure to properly disclose that

witness in her discovery responses (*see Ortega v New York City Tr. Auth.,* 262 AD2d 470 [1999]; *Robinson v New York City Hous. Auth.,* 183 AD2d 434 [1992]).

Although the Supreme Court improperly denied the plaintiff's cross motion for leave to amend her complaint as academic, the motion was properly denied because the proposed amendment is without merit. "Real Property Law § 235-b does not permit a tenant to recover [for] damage to personal property resulting from a breach of the warranty of habitability" (*Couri v Westchester Country Club,* 186 AD2d 712, 715 [1992]; *see Elkman v Southgate Owners Corp.,* 233 AD2d 104 [1996]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.