■ Christine Evangelista, Appellant, v Ella Ward, Respondent, et al., Defendant. [764 NYS2d 705] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated June 20, 2002, as denied those branches of her motion which were for summary judgment on the third, fourth, and fifth causes of action, and upon searching the record, granted summary judgment to the defendant Ella Ward dismissing the third, fourth, fifth, sixth, and seventh causes of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof which, upon searching the record, granted summary judgment to the defendant Ella Ward dismissing the sixth and seventh causes of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the sixth and seventh causes of action in the complaint are reinstated and severed, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, making an appropriate declaration on the fifth cause of action.

The plaintiff and the respondent entered into a contract for the sale of a residential four-story building containing eight apartments. Pursuant to the contract of sale, the respondent was required to deliver the building with five apartments vacant, including apartment 3R. At the closing the respondent indicated that certain apartments, including apartment 3R, were not vacant, but would be vacant within a few days. At that time, the parties entered into a closing agreement which provided that if the designated apartments were not vacant and broom clean within eight days, the seller would pay the purchaser $150 per day as liquidated damages until such time as the apartments were vacant and broom clean.

Apartment 3R was not vacated and continues to be occupied by the respondent's mother, who was subsequently found to be a rent-controlled tenant.

The plaintiff thereafter commenced this action against the respondent and the escrow agent, inter alia, to recover damages for breach of contract seeking, among other things, liquidated damages as set forth in the closing agreement. The complaint alleged seven causes of action. The third through seventh causes of action were against the respondent. The plaintiff moved, inter alia, for summary judgment on the third through fifth, but not the sixth and seventh, causes of action in the complaint. The Supreme Court denied the plaintiff's motion and, upon searching the record, granted the respondent

summary judgment on the third, fourth, fifth, and sixth causes of action. Since there was an agreement to discontinue the action against the escrow agent, the Supreme Court, without considering the seventh cause of action, dismissed the complaint in its entirety.

The Supreme Court properly determined that the liquidated damages provision of the closing agreement constitutes an unenforceable penalty (*see Irving Tire Co. v Stage II Apparel Corp.*, 230 AD2d 772, 773-774 [1996]). Although the parties to an agreement may provide for the payment of liquidated damages upon breach of the agreement, such a provision will only be upheld if "the amount fixed is a reasonable measure of the probable actual loss in the event of a breach, and * * * the actual loss suffered is difficult to determine precisely" (*id.* at 773). Here, the liquidated damages clause is unenforceable since the damages fixed are plainly disproportionate to the injury, and the plaintiff's actual loss is susceptible of calculation, as alleged in the sixth cause of action (*see Willner v Willner,* 145 AD2d 236, 241 [1989]; *cf. Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 425 [1977]).

However, the Supreme Court improperly granted the defendant summary judgment dismissing the sixth and seventh causes of action, since the plaintiff did not move for summary judgment on those causes of action. "[A]lthough a court can search the record and award a nonmoving party summary judgment, it can do so only with respect to the cause of action or issue that is the subject of the motion before it" (*Campos v New York City Hous. Auth.,* 295 AD2d 386, 387-388 [2002]; *see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *Quinta Doroteia v Wagner,* 253 AD2d 459, 461 [1998]).

Since the fifth cause of action sought a declaration in favor of the plaintiff, the Supreme Court should have directed the entry of a declaration in favor of the respondent rather than the dismissal of that cause of action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Altman, J.P., Krausman, Luciano and Crane, JJ., concur.