■ MARIANA RODRIGUEZ, Appellant, v SUNG HI KIM et al., Respondents. [841 NYS2d 590]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated February 28, 2006, which granted the motion of the defendant Sung Hi Kim for summary judgment dismissing the complaint insofar as asserted against her, and the separate motion of the defendants Petro, Petro, Inc., Petro Corp., Petro Oil Co., Petrol Oil, Inc., and Petro Oil Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff's decedent Feliciano Rodriguez suffered second and third degree burns when the water in the shower he was taking in the plaintiff's apartment suddenly became very hot. He later died from his injuries. The plaintiff commenced this action against her landlord and the affiliated companies which provided maintenance for the boiler in her building.

The Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint. The plaintiff's landlord demonstrated her prima facie entitlement to summary judgment by showing that she did not have actual or constructive notice of any dangerous condition of the boiler or the building's plumbing system (*see Chorostecka v Kaczor*, 6 AD3d 643 [2004]). As independent contractors, the boiler maintenance companies had no duty to install safety devices or to inspect or warn of any purported defects and accordingly established, prima facie, their entitlement to judgment as a matter of law (*see Dauernheim v Lendlease Cars*, 238 AD2d 462 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affidavit of Rosa Rodriguez was not entitled to consideration by the Supreme Court because she was not disclosed as a notice witness before the note of issue was filed, and the plaintiff failed to provide an excuse for her failure to disclose the identity of that witness (*see Concetto v Pedalino*, 308 AD2d 470 [2003]; *Andujar v Benenson Inv. Co.*, 299 AD2d 503 [2002]; *Ortega v New York City Tr. Auth.*, 262 AD2d 470 [1999]). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.