■ CONSTRUCTION BY SINGLETREE, INC., Plaintiff, v SHELDON LOWE, Appellant, and J.C. CONSTRUCTION MANAGEMENT CORP., Respondent. [866 NYS2d 702]—

In an action to foreclose a mechanics' lien, the defendant Sheldon Lowe, trustee under Sheldon Lowe declaration of trust dated January 15, 1999, appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated December 11, 2006, as granted those branches of the motion of the defendant J.C. Construction Management Corp. which were for summary judgment dismissing so much of his second cross claim as sought to recover compensatory and liquidated damages for breach of warranty.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal pertains to issues arising from the construction of a home by the defendant J.C. Construction Management Corp. (hereinafter J.C.) for its client, the defendant Sheldon Lowe, trustee under Sheldon Lowe declaration of trust dated January 15, 1999 (hereinafter Lowe). A subcontractor for the construction project commenced the underlying action against Lowe and J.C. to recover money it was allegedly owed in connection with the project. Lowe cross-claimed against J.C., alleging, inter alia, that he was entitled to recover compensatory damages for breach of warranty, emanating from J.C.'s allegedly improper installation of the flooring and insulation systems in the home, as well as payment pursuant to a liquidated damages clause that had been added to the contract between himself and J.C.

After the completion of discovery, J.C. moved for summary judgment dismissing, inter alia, the claims to recover liquidated and compensatory damages for breach of warranty, as set forth in Lowe's second cross claim, arguing that there was no evidence to substantiate Lowe's breach of warranty claim and that the liquidated damages clause was an unenforceable penalty clause. In opposition, Lowe, inter alia, provided affidavits from purported experts in the flooring and air-conditioning industries, who opined that the flooring and insulation systems installed in Lowe's home were faulty, and estimated the likely repair costs for each.

Contrary to Lowe's contention, J.C. established its prima facie entitlement to judgment as a matter of law in connection with so much of Lowe's second cross claim as was to recover compensatory for damages for breach of warranty by establishing that it did not breach any material term set forth in the contract between it and Lowe. In opposition to J.C.'s prima facie showing, Lowe failed to raise a triable issue of fact. The Supreme Court did not improvidently exercise its discretion in declining to consider the affidavits of the purported experts proffered by Lowe, since Lowe failed to identify the experts in pretrial disclosure and served the affidavits after the note of issue and certificate of readiness attesting to the completion of discovery were filed in this matter (see *Rodriguez v Sung Hi Kim*, 42 AD3d 442, 442-443 [2007]; *Wager v Hainline*, 29 AD3d 569, 571 [2006]; *Gralnik v Brighton Beach Assoc.*, 3 AD3d 518 [2004]; *Concetto v Pedalino*, 308 AD2d 470, 470-471 [2003]).

Our dissenting colleague disagrees with this holding, arguing that CPLR 3101 (d) (1) (i) applies only to an expert whom a party intends to call at trial, and ought not have precluded the trial court from considering previously undisclosed expert opinions submitted in opposition to a motion for summary judgment. We note, however, that the purpose of summary judgment is to determine whether there are genuine issues necessitating a trial. As such, "one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As it is undisputed that Lowe failed to identify any experts in pretrial disclosure whom he intended to call to testify at trial concerning whether the work was faulty or the extent of his alleged compensatory damages arising from that breach of warranty, and did not proffer any explanation for such failure, it was not an improvident exercise of discretion for the Supreme Court to have determined that the specific expert opinions set forth in the affidavits submitted in opposition to the motion for summary judgment could not be considered at trial. That circumstance, coupled with Lowe's failure to demonstrate how the facts set forth in the experts' affidavits could otherwise be established at trial, justified the Supreme Court's conclusion that Lowe failed to adequately establish the existence of a material issue of fact necessitating a trial in response to J.C.'s prima facie showing of entitlement to judgment as a matter of law. Accordingly, summary judgment dismissing so much of Lowe's

second cross claim as was to recover compensatory damages for breach of warranty was properly awarded to J.C. (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

J.C. also established its prima facie entitlement to judgment as a matter of law in connection with Lowe's liquidated damages claim. Although the parties to an agreement may provide for the payment of liquidated damages upon breach of the agreement, such a provision will only be upheld if the amount fixed is a reasonable measure of the probable actual loss in the event of a breach, and the actual loss suffered is difficult to determine precisely (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 423-424 [1977]; *Willner v Willner*, 145 AD2d 236, 239-240 [1989]). Here, the liquidated damages clause is unenforceable under any circumstances since the damages fixed are disproportionate to the injury, actual loss is susceptible of calculation and, as admitted by Lowe in his deposition, the sole purpose of the subject provision was to improperly secure J.C.'s performance of the agreement by compulsion (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d at 425; *Evangelista v Ward*, 308 AD2d 504, 505 [2003]; *Irving Tire Co. v Stage II Apparel Corp.*, 230 AD2d 772, 773-774 [1996]; *Willner v Willner*, 145 AD2d at 241). Lifson, J.P., Ritter and Florio, JJ., concur.

Carni, J., concurs in part and dissents in part and votes to modify the order by deleting the provision thereof granting that branch of the motion of the defendant J.C. Construction Management Corp. which was for summary judgment dismissing so much of the second cross claim as was to recover compensatory damages for breach of warranty, and remitting the matter to the Supreme Court, Suffolk County, for a new determination of that branch of the motion upon taking into account the expert affidavits submitted by the defendant Sheldon Lowe, trustee under Sheldon Lowe declaration of trust dated January 15, 1999, and, as so modified, to affirm the order insofar as appealed from, with the following memorandum.

Carni, J. (dissenting in part). In granting that branch of the motion of the defendant J.C. Construction Management Corp. (hereinafter J.C.) which was for summary judgment dismissing so much of the appellant's second cross claim as was to recover compensatory damages for breach of warranty, the Supreme Court did not consider the affidavits from the appellant's experts on the grounds that the appellant failed to identify such experts during pretrial disclosure and the affidavits were not served until after the filing of the note of issue.

The preliminary conference stipulation and order which governed both pretrial disclosure and the filing of the note of is-

sue provided that "expert disclosure shall be provided by all parties pursuant to CPLR 3101."

The provision of the CPLR which was referenced in the trial court's preliminary conference order and stipulation is entitled "Trial Preparation," and provides in pertinent part as follows: "Upon request, each party shall identify each person whom the party expects *to call as an expert witness at trial* and shall disclose in reasonable detail the subject matter which each expert is expected to testify." (CPLR 3101 [d] [1] [i] [emphasis added].)

Therefore, the trial court's order, read in conjunction with CPLR 3101 (d) (1) (i), only required the disclosure of experts retained for the purpose of providing testimony at the time of trial. Here, the appellant submitted affidavits from experts for the purpose of raising a material issue of fact in opposition to the motion of the defendant J.C. for summary judgment dismissing his cross claims. CPLR 3101 (d) (1) (i) simply does not require the disclosure of experts or consultants that are retained and utilized by a party for purposes other than providing trial testimony.

Accordingly, I respectfully disagree with my colleagues to the extent that the majority holds that CPLR 3101 (d) (1) (i) requires the disclosure of consultants or experts retained for the purpose of opposing a summary judgment motion. There is no requirement that an expert or consultant who provides an affidavit for the limited purpose of opposing a summary judgment motion be the same expert trial witness who testifies at the subsequent trial. Even if CPLR 3101 (d) (1) (i) applied to these affidavits, it is well settled that this provision does not require a party to respond to a demand for expert witness information at any specific time in any event (*see Cutsogeorge v Hertz Corp.*, 264 AD2d 752, 753 [1999]). Were we concerned with expert trial witnesses on the eve of trial, which we are not, we would undertake the consideration of whether the alleged noncompliance with the statute was intentional or willful (*see Cutsogeorge v Hertz Corp.*, 264 AD2d at 753). However, such consideration is not necessary under the procedural posture of this case.

In my view, the applicability of CPLR 3101 (d) (1) (i) to the employment of experts opposing a summary judgment motion is contrary to the express language of the statute and beyond its clear legislative intent.

Therefore, I would delete the provision of the order granting that branch of J.C.'s motion which was for summary judgment dismissing so much of the appellant's second cross claim as was to recover compensatory damages for breach of warranty and

remit the matter to the Supreme Court for a new determination on that branch of the motion, based upon the complete record, inclusive of the appellant's expert affidavits.