Moses King, Respondent, v Gregruss Management Cor-
poration et al., Defendants, and William Jones & Son et al.,
Appellants. [870 NYS2d 103]—

The plaintiff was injured when a steel drum containing wind-
shield washer fluid exploded while he was cutting the drum
open with an electric saw. The plaintiff retained an expert to
inspect the drum, and the expert determined from markings on
the drum that the drum and the fluid in the drum were
manufactured by Sun Belt Chemicals, a name under which the
defendant Matschel of Flagler, Inc. (hereinafter Matschel),
conducted business. The expert also determined from the mark-
ings that the drum had been reconditioned by the defendant
William Jones & Son (hereinafter Jones). The plaintiff com-

menced the instant action against Matschel and Jones, among others, alleging that the drum was either negligently manufactured or negligently reconditioned. Specifically, the plaintiff alleged the drum did not comply with standards promulgated by the federal Occupational Safety and Health Administration, was not fit for its intended use, was inherently hazardous, and did not contain adequate warning labels. Matschel and Jones denied these allegations and, in essence, alleged that the accident was due solely to the plaintiff's negligence in using an electric saw to cut the drum without first removing the sealed top of the drum.

After the plaintiff filed a note of issue, Jones moved, and Matschel, together with the defendant Kaskam Chemicals, Inc., doing business as United Specialities of America (hereinafter collectively the defendants), separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them, asserting, inter alia, that the drum in question was not one manufactured or reconditioned by them. In opposition, the plaintiff submitted the report of his expert G.J. Raymus, who examined the drum in 1999 and, via his interpretation of the markings, identified the defendants as the manufacturer and reconditioner of the drum, thereby raising what, under most circumstances, would be a triable issue of fact with respect to that issue.

Jones, however, also cross-moved to preclude Raymus from testifying or adducing evidence at any stage of the action, based on what it claims were the plaintiff's insufficient responses to its repeated demands for the identification of experts—none of which indicated that Raymus was the plaintiff's expert or that he had inspected the drum in 1999. Additionally, the defendants asserted, in their various submissions, that the plaintiff's actions in destroying the drum after Raymus's inspection prevented them from inspecting the drum to question the validity of Raymus's interpretation of the markings on the drum and perform other analysis thereof, thus warranting an award of summary judgment dismissing the complaint by virtue of the plaintiff's spoliation of the drum—the critical item of evidence in the case. The Supreme Court denied the defendants' respective summary judgment motions and Jones's cross motion to preclude Raymus from testifying at any stage of the action. We reverse.

The Supreme Court erred in denying Jones's cross motion for preclusion. Raymus's expert affidavit should have been rejected since the plaintiff did not identify him in pretrial disclosure between 1996 and 2006, and the defendants were unaware of

Raymus until they were served with his affidavit in response to the summary judgment motions, made after the plaintiff filed a note of issue and certificate of readiness (*see Construction by Singletree, Inc. v Lowe,* 55 AD3d 861 [2008]). In fact, the inspection of the drum by Raymus and its subsequent disposal appear to have been accomplished prior to the commencement of the action. We have repeatedly held that, under such circumstances, preclusion is warranted as well (*see DeLeon v State of New York,* 22 AD3d 786 [2005]; *Safrin v DST Russian & Turkish Bath, Inc.,* 16 AD3d 656 [2005]; *Dawson v Cafiero,* 292 AD2d 488 [2002]).

Since the plaintiff is not capable of rebutting the defendants' denial of manufacture or reconditioning of the drum in question without Raymus's expert testimony, upon the preclusion of Raymus's affidavit, there is nothing remaining of the plaintiff's opposition other than conjecture or surmise. Thus, the plaintiff's opposition is insufficient to defeat the respective motions for summary judgement (*see Healey v Firestone Tire & Rubber Co.,* 87 NY2d 596 [1996]; *Abulhasan v Uniroyal-Goodrich Tire Co.,* 14 AD3d 900 [2005]). Furthermore, without expert testimony, the plaintiff will be unable to sustain his burden of proving his case under any of the enumerated causes of action. Under such circumstances, summary judgment dismissing the complaint insofar as asserted against the defendants is appropriate (*see Bickford v St. Francis Hosp.,* 19 AD3d 344 [2005]). Mastro, J.P., Lifson and Eng, JJ., concur. Carni, J., separately concurs on constraint of this Court's decision and order in *Construction by Singletree, Inc. v Lowe* (55 AD3d 861 [2008]).