■ CENTRAL IRRIGATION SUPPLY, Appellant, v PUTNAM COUNTRY CLUB ASSOCIATES, LLC, Respondent. [871 NYS2d 319]—

Pursuant to a contract dated March 8, 2000, the plaintiff agreed to install an irrigation system at a golf course owned by the defendant. The contract provided that, if the system was not "installed and fully operational" by May 26, 2000 the plaintiff would be liable to the defendant for liquidated damages in the sum of $200 for each day of delay. After recurrent problems with the system, which necessitated frequent repairs and a modification of a major component, the system became

fully operational in November 2002. By that time, the plaintiff had already commenced this action to recover amounts allegedly due under the contract, and the defendant had counterclaimed alleging breach of contract, seeking recovery under the liquidated damages clause. After a nonjury trial, the Supreme Court found that the system did not become "fully operational" until November 19, 2002, 907 days after its scheduled completion. Consequently, under the liquidated damages provision, the defendant would be entitled to the sum of $181,400, less any amounts due the plaintiff. The Supreme Court, however, found that amount to be excessive inasmuch as the liquidated damages clause did not take into account that the golf course was never required to be closed by reason of the delay, but was open, even though not at "optimal efficiency." Additionally, the clause did not reduce or eliminate the daily amount of liquidated damages on days when the course was closed due to the season or the weather. Consequently, the Supreme Court "fixe[d] liquidated damages" at $100 per day for a total of 500 days. The plaintiff appeals.

A contractual provision for liquidated damages will be upheld only if the amount fixed is a reasonable measure of the probable actual loss in the event of a breach, and the actual loss suffered is impossible or difficult to determine with precision (*see JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373, 380 [2005]; *Evangelista v Ward,* 308 AD2d 504, 505 [2003]). If, however, the amount of actual damages that would be suffered upon a breach is readily ascertainable when the contract is entered, or the amount fixed as liquidated damages is conspicuously disproportionate to the foreseeable losses, the liquidated damages provision is unenforceable as a penalty (*see Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d 115, 120 [2006]). Where a court finds a liquidated damages provision enforceable, the measure of damages for a breach will be the sum fixed in the clause, no more, no less (*see JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d at 380; *Zeer v Azulay,* 50 AD3d 781, 785 [2008]). Where, however, a liquidated damages provision is found to be an unenforceable penalty, the recovery is limited to actual damages proven (*see Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d at 120; *Zeer v Azulay,* 50 AD3d at 786; *Jackson Hgts. Care Ctr., LLC v Bloch,* 39 AD3d 477, 479 [2007]). Here, by fixing the amount of liquidated damages at $50,000, less than one third of the amount that would have been due under the liquidated damages provision of the contract, the Supreme Court implicitly found that the liquidated damages clause did not constitute a reasonable measure of the probable actual loss and, therefore, amounted to a penalty. Consequently, it should not have

enforced the liquidated damages provision at all. As the defendant did not prove any actual damages, it was not entitled to any recovery for the plaintiff's alleged breach of contract.

Without any setoff for liquidated damages, the plaintiff is entitled to judgment in the principal sum of $11,104.27, plus statutory interest from May 26, 2000. That sum represents the amount due and owing on the contract.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.