■ TOMAS ANDRES YAX, Appellant, v DEVELOPMENT TEAM, INC., Respondent. [893 NYS2d 554]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), which denied his motion for summary judgment on the issue of liability on so much of the complaint as alleged violations of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a viola-

tion of Labor Law § 240 (1). The plaintiff met his prima facie burden of establishing a violation of Labor Law § 240 (1) and that this violation was a proximate cause of his injuries (*see Felker v Corning Inc.*, 90 NY2d 219, 224 [1997]; *Gardner v New York City Tr. Auth.*, 282 AD2d 430 [2001]). The burden then shifted to the defendant to come forward with sufficient evidence to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). The defendant raised a triable issue of fact as to whether the plaintiff was a recalcitrant worker under Labor Law § 240 (1) by submitting the affidavit of Angelo Kambitsis, who attested that he provided the plaintiff and his coworkers with certain safety devices, that such safety devices were readily available for their use, and that he instructed the plaintiff and his coworkers to use these devices (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in considering Kambitsis's affidavit. Although the defendant failed to name Kambitsis as a witness in response to the plaintiff's discovery demands, it is evident that the plaintiff had knowledge of Kambitsis's existence, since both the plaintiff and the defendant's project superintendent mentioned Kambitsis in their deposition testimony. Moreover, the defendant offered an excuse for failing to disclose Kambitsis as a witness and there was no evidence that this failure was willful (*see* CPLR 3126; *Riley v ISS Intl. Serv. Sys.*, 304 AD2d 637, 637 [2003]; *cf. Rivera v Glen Oaks Vil. Owners, Inc.*, 41 AD3d 817, 818 [2007]). The plaintiff's remaining contentions as to the admissibility of Kambitsis's affidavit are without merit.

The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 241 (6). We agree with the plaintiff that the Supreme Court should not have considered the expert affidavit submitted by the defendant in opposition to the motion for summary judgment, since the defendant did not provide an excuse for failing to identify the expert in response to the plaintiff's discovery demands, and the plaintiff was unaware of the expert until he was served with the expert's affidavit in opposition to his summary judgment motion (*see King v Gregruss Mgt. Corp.*, 57 AD3d 851 [2008]; *Construction by Singletree, Inc. v Lowe*, 55 AD3d 861 [2008]). However, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law on the issue of liability pursuant to Labor Law

§ 241 (6), Kambitsis's affidavit was sufficient to raise a triable issue of fact as to "whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]; *see Long v Forest-Fehlhaber*, 55 NY2d 154, 160 [1982]; *Daniels v Potsdam Cent. School Dist.*, 256 AD2d 897 [1998]). Thus, the plaintiff was not entitled to summary judgment on the issue of liability pursuant to Labor Law § 241 (6). Santucci, J.P., Chambers, Hall and Roman, JJ., concur.