Gladys Harvey, Respondent,
against
Proto Property Services, Appellant.




Slochowsky & Slochowsky, LLP (Lauren Lewis of counsel), for appellant.
Gladys Harvey, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Adam Silvera, J.), entered November 17, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,000.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the sum of $5,000 from defendant, her landlord, for damage to her personal property resulting from a bedbug infestation in her apartment in a multiple dwelling. After a nonjury trial, the Civil Court awarded plaintiff the principal sum of $2,000. Defendant appeals.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
Plaintiff cannot recover from defendant for damage to her furniture resulting from the [*2]bedbug infestation, based on an alleged breach of the warranty of habitability, as consequential damages are not recoverable upon such a claim (see Concetto v Pedalino, 308 AD2d 470 [2003]; Joseph v Apartment Mgt. Assoc., LLC, 30 Misc 3d 142[A], 2011 NY Slip Op 50303[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). While liability may be predicated upon Multiple Dwelling Law § 80 (1), which provides that "[t]he owner shall keep all and every part of a multiple dwelling . . . clean and free from vermin, dirt, filth, garbage or other thing or matter dangerous to life or health" (see also Joseph v Apartment Mgt. Assoc., LLC, 30 Misc 3d 142[A], 2011 NY Slip Op 50303[U]), defendant correctly argues that plaintiff failed to establish defendant's liability in this case, as she did not establish that defendant had caused the infestation or that defendant had "failed to act with reasonable diligence upon being advised by plaintiff of the bedbug infestation in [her] apartment" (id. at *2; see also Gawad v Aviad, 37 Misc 3d 126[A], 2012 NY Slip Op 51851[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). 
Moreover, plaintiff failed to present competent evidence of her damages. "To establish damages for the loss of personal property, there must be some testimony as to the property's value by the owner or someone familiar with the property's quality and condition, such as its original cost, age and condition at the time of the loss" (Charles v Boland, 57 Misc 3d 150[A], 2017 NY Slip Op 51524[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017] [internal citations, quotation marks and brackets omitted]; see also Lake v Dye, 232 NY 209 [1921]; Rose v Lagadakia Realty Corp., 31 Misc 3d 140[A], 2011 NY Slip Op 50785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Here, however, plaintiff's alleged damages were not based on the value of the discarded furniture immediately before its loss, but, instead, "were apparently determined on the basis of plaintiff's purchase receipts for new furniture" (Rose v Lagadakia Realty Corp., 31 Misc 3d 140[A], 2011 NY Slip Op 50785[U], *1), which is not the correct measure of damages. In any event, it is also not clear how the Civil Court arrived at $2,000 as the amount to be awarded.
Consequently, we find that the judgment in favor of plaintiff failed to provide the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807). However, because the Civil Court's statements to plaintiff at trial may have led her to believe that she did not need to prove liability and that her damages could appropriately be based upon the value of any new items purchased, we find that substantial justice requires a new trial.
We note that, as defendant argues, generally "[a] person not licensed to practice law in the State of New York pursuant to the Judiciary Law may not appear pro se in court on behalf of a litigant as an attorney-in-fact pursuant to a power of attorney" (Whitehead v Town House Equities, Ltd., 8 AD3d 369, 370 [2004]). However, in small claims actions, "[t]he court may permit, upon the request of a party, that a non-attorney representative, who is related by consanguinity or affinity to such party, be allowed to appear on behalf of such party when the court finds that due to the age, mental or physical capacity or other disability of such party that it is in the interests of justice to permit such representation" (CCA 1815). As a new trial is being ordered, we need not pass upon whether, based on the evidence submitted as to plaintiff's mental or physical capacity, the court properly permitted plaintiff's niece, who is not an attorney, to [*3]represent plaintiff.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019