Byzfunder NY LLC v Holy City Collision LLC (2023 NY Slip Op 50941(U))

[*1]

Byzfunder NY LLC v Holy City Collision LLC

2023 NY Slip Op 50941(U)

Decided on September 5, 2023

Supreme Court, Ontario County

Doyle, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 5, 2023
Supreme Court, Ontario County

Byzfunder NY LLC, Plaintiff,

against
Holy City Collision LLC D/B/A HOLY CITY COLLISION 
 and CRAIG THOMAS YINGLING, Defendants.

Index No. 133632-2022

For Plaintiff- Ariel Bouskila, Esq., Berkovitch & Bouskila, PLLC
For Defendants- Antranig Garibian, Esq., Garibian Law Offices, P.C.

Daniel J. Doyle, J.

This is a merchant advance agreement case. Pending before the Court is Plaintiff's motion for summary judgment.
For the reasons set forth herein, Plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART, and the Court searches the record and GRANTS summary judgment to Defendants on the Default Fee.
LAWSUIT FACTS
The parties entered into an agreement on May 12, 2022. Plaintiff purchased future receivables of $139,000, and Defendant agreed to remit 6% of receivables and to have one bank account for ACH withdrawals. It is alleged that Plaintiff funded the amount, that Defendant initially met its obligations, but that Defendants subsequently stopped remitting Plaintiff's share of the receivables. A balance of $131,671.33 purportedly remains.

 LEGAL ANALYSIS
At the outset, the Court notes that Plaintiff takes issue with Defendants' purported failure to properly respond to the Statement of Undisputed Facts. As the Court's local rules have long provided, such Statements are not required by the Seventh Judicial District Commercial Division. Accordingly, Plaintiff's argument in this regard does not provide a basis to grant summary judgment.[FN1]

Plaintiff also seeks summary judgment on the merits. A party seeking summary judgment 
"must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." Alvarez v. Prospect Hosp., 68 NY2d 320, 324 (1986). 
"Failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers." Id. See also, Christopher P. v. Kathleen M.B., 174 AD3d 1460 (4th Dept. 2019). 
"Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." Alvarez, 68 NY2d at 324.
Here, through the Affidavit of Marshall Rosenblum, manager of Plaintiff, Plaintiff establishes prima facie entitlement to summary judgment. Plaintiff establishes the existence of the Agreement, Plaintiff's performance, Defendants' breach, and resulting damages.
Defendants oppose the motion for summary judgment in several respects. Defendants claim the Agreement constitutes a usurious loan. In New York, usurious contracts can be harshly voided, reflecting the State's "condemnation of the 'evils of usury.'" Adar Bays, LLC v. GeneSYS ID, Inc., 37 NY3d 320, 332 (2021). "The statutory authority, coupled with the legislative intent behind the 1965 amendment, requires the conclusion that the legislature intended for criminally usurious loans made to corporate borrowers to be void when a successful usury defense, based on the criminal usury rate, is raised." Id. at 333. Violators of the civil usury standards likewise face voided loans. Id. "Thus, loans proven to violate the criminal usury statute are subject to the same consequence as any other usurious loans: complete invalidity of the loan instrument." Id. Usury must be demonstrated with "clear and convincing evidence." Ujeta v. Euro-Quest Corp., 29 AD3d 895, 895-96 (2nd Dept. 2006).
The "substance- not form" of a transaction is controlling. Adar Bays, LLC, 37 NY3d at 334. "To determine whether a transaction constitutes a usurious loan, it 'must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it.'" LG Funding, LLC v. United Senior Properties of Olathe, LLC, 181 AD3d 664, 665 (2nd Dept. 2020) (citation omitted). Three factors are widely used to assess the true nature of a repayment obligation: "(1) whether there is a reconciliation provision in the agreement; (2) whether the agreement has a finite term; and (3) whether there is any recourse should the merchant declare bankruptcy." Id. See also, Samson MCA LLC v. Joseph A. Russo M.D. P.C./IV Therapeutics PLLC, 2023 WL 5161995, at *2 (4th Dept. Aug. 11, 2023).
The provisions in the Agreement in the case at bar reveal that this transaction was not a loan. The Agreement contains mandatory reconciliation and adjustment provisions, has an indefinite term, and does not provide that a bankruptcy filing is an event of default. Defendants' contentions to the contrary are unavailing. Usury does not apply to the facts of this case.
Summary judgment is GRANTED to this extent.
Defendants also challenge the default fees and attorneys' fees sought as part of the award on summary judgment. Plaintiff alleges that it has incurred NSF fees in the sum of $100.00, a Default Fee in the sum of $2,500.00, and attorneys' fees in the sum of $29,785.69.
With respect to the Default Fee, the Court notes that "[a] contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc., 41 NY2d 420, 425 (1977). "If, however, the amount of actual damages that would be suffered upon a breach is readily ascertainable when the contract is entered, or the amount fixed as liquidated damages is conspicuously disproportionate to the foreseeable losses, the liquidated damages provision is unenforceable as a penalty." Cent. Irr. Supply v. Putnam Country Club Assocs., LLC, 57 AD3d 934, 935 (2nd Dept. 2008). "Where, however, a liquidated damages provision is found to be an unenforceable penalty, the recovery is limited to actual damages proven." Id.
Appendix A of the Agreement sets forth the fee structure and provides, in relevant part:
C. NSF Fee (Standard) - $ 50 .00 (each)
D. Rejected ACH / Blocked ACH / Default Fee - $2,500.00 When Merchant BLOCKS Account from our Debit ACH, or when Merchant directs the bank to reject our Debit ACH, which places them in default (per contract). When Merchant changes bank Account cutting us off from our collections.
The NSF Fee (nonsufficient funds) is reasonable and customary. Plaintiff is GRANTED summary judgment on the NSF Fee.
The Default Fee, however, is an unenforceable penalty. Here, the amount of damages upon a breach is readily ascertainable: it is the sum remaining due on the factoring agreement.[FN2]
As this liquidated damages provision is a mere penalty and bears no relation to measuring the actual loss suffered by the Plaintiff, it will not be enforced. The Court searches the record, and summary judgment is GRANTED to Defendants on the Default Fee.
With respect to attorneys' fees, the Agreement provides:
3.4 Attorney's Fees. Upon the occurrence of an Event of Default, and Purchaser retains an attorney or law firm to enforce this Agreement, Merchant and Guarantor(s) agree that a fee equal to 30% of the Remaining Balance (purchased amount less amount remitted by Merchant) ("Attorney's Fees") shall be immediately assessed Merchant and Guarantor(s) agree that the calculation for Attorney's Fees is reasonable.
"An award of attorneys' fees pursuant to such a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." Kamco Supply Corp. v. Annex Contracting Inc., 261 AD2d 363, 365 (2nd Dept. 1999). "The fixed percentage fee, therefore, is viewed only as a maximum fee, limiting the amount of reasonable attorneys' fees which the creditor may charge upon proving the extent of [*2]the necessary services actually rendered." Mead v. First Tr. & Deposit Co., 60 AD2d 71, 78 (4th Dept. 1977). The Fourth Department continued:
We note that it is not the intent of the law, nor of the petitioner in this proceeding, to deprive the creditor of full payment of its actual necessary legal expenses in collecting the defaulted debt, limited only by the reasonable value of such services and the percentage provision expressed in the contract. The aim is to prevent creditors and their attorneys from receiving more than such sums, which they may otherwise be able to accomplish because of the debtors' defaults.
Id.
Plaintiff's request for summary judgment in the sum of 30% of the remaining balance pursuant to the Agreement is accordingly DENIED. Plaintiff submits no proof to the Court support an award of attorneys' fees in the sum of $29,785.69 (30% of $99,285.64).
Plaintiff shall submit a proposed order to opposing counsel for approval, and thereafter to the Court, by October 17, 2023.
Signed at Rochester, New York on September 5, 2023.
____________________________________________
HONORABLE DANIEL J. DOYLE
Supreme Court Justice

Footnotes

Footnote 1:Prudent future practice should delete this common argument from cases brought before this Court. 

Footnote 2:Plaintiffs in this industry are unquestionably capable and able to calculate the amount due on a default, as continuously illustrated by the plethora of cases of this type filed in the Seventh Judicial District.